UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SANTIAGO ALVAREZ, :
                Petitioner, : **MEMORANDUM OPINION**
: **AND ORDER**
v. :
: 14 CV 8088 (VB)
ADA PEREZ, :
                Respondent. :
--------------------------------------------------------------x

Briccetti, J.:

    Pending before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated March 20, 2017 (Doc. # 14), on Santiago Alvarez's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    After a jury trial, petitioner was convicted in Orange County Court of burglary, criminal contempt, and criminal mischief, arising from an incident in which he assaulted his girlfriend. On January 11, 2010, petitioner was sentenced as a second felony offender to a determinate term of 10 years' imprisonment to be followed by 5 years' post-release supervision on the burglary charge; 2 to 4 years' imprisonment on the criminal contempt charge; and 1 year's imprisonment on the criminal mischief charge, the sentences to run concurrently. The Appellate Division, Second Department, affirmed the conviction on July 12, 2011, People v. Alvarez, 86 A.D.3d 578 (2d Dep't 2011), and the Court of Appeals denied leave to appeal on July 2, 2012, People v. Alvarez, 19 N.Y.3d 970 (2012). On January 13, 2014, petitioner sought a writ of error coram nobis on the ground of ineffective assistance of appellate counsel, which was denied by the Appellate Division on July 3, 2014. People v. Alvarez, 118 A.D.3d 1015 (2d Dep't 2014).

    On October 1, 2014, petitioner filed the instant petition for a writ of habeas corpus on the grounds of ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

    Judge McCarthy recommended denying the petition as time-barred, finding that

1

petitioner provided no valid reasons for why the 1-year statutory limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), should be tolled.[1]

The Court agrees with that recommendation. Accordingly, for the following reasons, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

## DISCUSSION

I. <u>Standard of Review</u>

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. <u>See</u> Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a <u>de novo</u> standard of review. 28 U.S.C. § 636(b)(1)(C); <u>see also</u> Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. <u>See</u> <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. <u>See</u> <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Because petitioner is proceeding <u>pro se</u>, the Court "will 'read [his] supporting papers

---

[1] Familiarity with the factual and procedural background of this case is presumed; the Court recites only those facts necessary for resolution of petitioner's objections.

liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under AEDPA, when a state court denies a federal claim on the merits, a habeas petitioner is entitled to relief on that claim only if he can show the state court either (i) made a decision contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). When a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391-93 (2d Cir. 2008).

II.  Objections

Petitioner timely filed what he described as "objections" to the R&R (Doc. #15), although for the most part this submission argues that after his conviction was affirmed on direct appeal by the Appellate Division, his appellate attorney failed to file a timely application for leave to appeal to the Court of Appeals. This argument does not address the central finding in the R&R, namely, that the instant habeas petition was filed more than one year after petitioner's conviction became final. However, in consideration of petitioner's pro se status, the Court has carefully reviewed the R&R, petitioner's objections, and the underlying record de novo. Having done so, the Court finds no error, clear or otherwise, in Judge McCarthy's thorough and well-reasoned R&R.

First of all, whether or not appellate counsel failed to file an application for leave to appeal to the Court of Appeals, the Court of Appeals did in fact grant petitioner's motion for an

3

extension of time to file an application for leave and treated that motion as a timely leave application. (Doc. #13-2 at 25-29). That application was denied on July 2, 2012. (Doc. #13-2 at 32).

Accordingly, because petitioner did not file a petition for a writ of certiorari to the United States Supreme Court, his conviction became final 90 days after the Court of Appeals denied leave to appeal, that is, on October 1, 2012. The 1-year AEDPA limitations period commenced running on that date and, absent tolling, expired on October 1, 2013. The instant petition was filed exactly one year later – in other words, one year too late – on October 1, 2014.

Judge McCarthy correctly found that statutory tolling does not apply in this case because petitioner's coram nobis petition, which would normally toll a limitations period, did not toll the period here because it was not filed prior to the expiration of the AEDPA statute of limitations on October 1, 2013 – indeed, the coram nobis petition was not filed until January 13, 2014. (R&R at 8-9). The magistrate judge also correctly found that petitioner has not shown the "extraordinary circumstances" necessary for equitable tolling to apply. (R&R at 9-11). And, certainly, the magistrate judge correctly found that petitioner has not established "actual innocence." (R&R at 11-12). In any event, petitioner does not object to these findings.

## CONCLUSION

The R&R is adopted as the opinion of the Court for the reasons stated herein. Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: April 14, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge